IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GEORGE ALLIBONE M.D., | § | |
|    *Plaintiff*, | § | |
| | § | |
| V. | § | |
| | § | |
| TEXAS MEDICAL BOARD ("BOARD"); | § | |
| MICHAEL ARAMBULA, M.D., PHARM.D.; | § | |
| JULIE K. ATTEBURY; DAVID BAUCOM; | § | |
| FRANK DENTON; JOHN ELLIS, JR., J.D.; | § | CIVIL ACTION NO. 1:17-CV-00064-SS |
| CARLOS L. GALLARDO; MANUEL | § | |
| GUAJARDO, M.D.; JOHN GUERRA, D.O.; | § | |
| SCOTT HOLIDAY, D.O.; MARGARET | § | |
| MCNEESE, M.D.; ALLAN SHULKIN, M.D.; | § | |
| ROBERT D. SIMONSON, D.O.; WAYNE M. | § | |
| SNOOTS, M.D.; KARL SWANN, M.D.; | § | |
| PAULETTE BARKER SOUTHARD; SURENDRA | § | |
| K. VARMA, M.D.; STANLEY WANG, M.D.; | § | |
| TIMOTHY WEBB, J.D.; GEORGE WILLEFORD, | § | |
| III, M.D.; in their Official Capacities as | § | |
| Members of the Board and Individually, | § | |
|    *Defendants*. | § | |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

TO THE HONORABLE JUDGE SPARKS:

Defendants the Texas Medical Board (the "Board" or "TMB") and Michael Arambula, M.D., Pharm.D., Julie K. Attebury, David Baucom, Frank Denton, John Ellis, Jr., J.D., Carlos L. Gallardo; Manuel, Guajardo, M.D., John Guerra, D.O., Scott Holiday, D.O., Margaret Mcneese, M.D., Allan Shulkin, M.D., Robert D. Simonson, D.O., Wayne M. Snoots, M.D., Karl Swann, M.D., Paulette Barker Southard, Surendrak K. Varma, M.D., Stanley Wang, M.D., Timothy Webb, J.D., and George

Willeford, III, M.D. (collectively the "Board Members") file this Reply in Support of Their Motion to Dismiss, and in support thereof, would respectfully show the Court the following:

## Introduction

Nothing in Allibone's opposition to Defendants' Motion to Dismiss saves his claims from their multiple, fatal deficiencies. Allibone is not the victim of a conspiracy against doctors who practice complementary and alternative medicine—a practice which the Board has explicitly recognized by Rule—and the Board is pursuing bona fide complaints against Allibone pursuant to an administrative framework that affords him due process. But rather than address and litigate the charges against him under that process, as every other doctor in the State must do, Allibone has asked this Court to order that he never be called to account for his actions as it relates to his practice of medicine. In support of his extraordinary assertions, Allibone has not alleged a single fact that could support a finding that the Board has illegally conspired against him to bring false claims in bad faith. The Court should reject Allibone's request for permission to practice medicine without oversight, and dismiss his complaint for the reasons stated in Defendants' Motion to Dismiss.

## Argument

**1. Allibone's Antitrust Claims Are Unsupported by Factual Allegations, and Defendants Are Immune.**

**1.1 Sovereign immunity bars the antitrust claims.**

TMB, as an arm of the State, possesses sovereign immunity from Allibone's antitrust claims. Allibone's contention that TMB is not an arm of the state has been

rejected.[1] That immunity also extends to the Board Members because Allibone has not alleged that the Board members themselves are committing an ongoing violation of federal law and, therefore, *Ex Parte Young* is unavailable to him.[2] Allibone contends, without any factual support, that the Board Members "manipulated the ISC and investigative process,"[3] but that process has been completed. Allibone does not allege any continuing actions by the individual Board Members with respect to the SOAH proceedings against him—nor could he, as no individual Board Member has any direct involvement with the SOAH proceedings.

### 1.2 *Parker* immunity bars the antitrust claims.

Defendants are entitled to *Parker* immunity because they satisfy both the clear articulation requirement and the active supervision requirement. First, TMB's authority to investigate the complaints against Allibone is clearly articulated in both statutes and state administrative rules.[4] Second, TMB's investigative function is actively supervised by all three branches of government. By its very composition, TMB is accountable to the Legislature and Governor, and therefore is subject to active supervision. Additionally, both SOAH and the courts provide active supervision through the conduct of disciplinary proceedings by an independent ALJ and judicial review of the proceedings and their results. These significant and overlapping layers

---

[1] *Peters v. Tex. Med. Bd.*, No. 15-2858, 2015 U.S. Dist. LEXIS 188516, *4 (S.D. Tex. Oct. 8, 2015) ("As a state agency, the Texas Medical Board is entitled to Eleventh Amendment immunity from suit") (citing *Gilbert v. Perry*, 302 F. App'x 320 (5th Cir. 2008)).
[2] Allibone's contention that immunity has not been extended to the individual Board Members by the Fifth Circuit is wrong. *See, e.g.*, *Gilbert*, 302 F. App'x at 321.
[3] Allibone's Brief in Opposition, at 24 [ECF No. 29].
[4] *See, e.g.*, Tex. Occ. Code § 153.012; *Id.* § 154.051 *et seq.*; 22 TEX. ADMIN. CODE § 161.2.

3

of review are more than sufficient to satisfy the active supervision requirement.[5]

Allibone incorrectly relies on *North Carolina Dental* and Judge Pitman's ruling in *Teladoc, Inc. v. TMB* in arguing that *Parker* immunity is not available.[6] However, both cases arose in the context of administrative rulemaking. Conversely, Allibone is not complaining of any Board rule, but rather is attempting to avoid the consequences of the complaints that have been filed against him by challenging TMB's investigative and adjudicative authority. Allibone ignores the fact that he is receiving due process and full State review through an administrative adjudication that is conducted not by TMB, but by an ALJ at SOAH;[7] that TMB is fully bound by the ALJ's findings;[8] and that the SOAH proceeding is subject to full judicial review.[9] This is more than sufficient to constitute active supervision, and nothing in the Supreme Court's opinion or in Judge Pitman's decision suggests that *North Carolina Dental* was intended to eviscerate Texas' ability to investigate patient complaints and protect Texans from negligent doctors. Accordingly, Defendants are entitled to *Parker* immunity.

---

[5] *N.C. State Bd. of Dental Exam'rs v. FTC*, 125 S. Ct. 1101, 1116 (2015) ("Active supervision need not entail day-to-day involvement in an agency's operations or micromanagement of its every decision. Rather, the question is whether the State's review mechanisms provide 'realistic assurance' that a nonsovereign actor's anticompetitive conduct 'promotes state policy, rather than merely the party's individual interests.'").
[6] No. 15-343, 2015 WL 8773509 (Dec. 14, 2015).
[7] TEX. OCC. CODE § 164.007(a).
[8] *Id.* ("[T]he board shall dispose of the contested case by issuing a final order based on the administrative law judge's findings of fact and conclusions of law"); *id.* § 164.007(a-1) ("[T]he board may not change a finding of fact or conclusion of law or vacate or modify an order of the administrative law judge").
[9] *Id.* § 164.007(a); *see also* TEX. GOV'T CODE § 2001.174, § 2001.901(a).

### 1.3 Allibone has failed to state any antitrust claim.

Allibone has not (and cannot) sufficiently allege any antitrust claim. First, Allibone has not alleged any facts that could support an antitrust injury, which requires an injury to the market as a whole.[10] The Complaint describes how Allibone individually will be injured, but it does not allege any facts to show that the proceedings against Allibone will have any impact on the market whatsoever. Although Allibone contends that paragraphs 211 through 266 of his Complaint contain sufficient allegations, he is mistaken—the Complaint contains only Allibone's unsupported assertions and conclusions, with no factual allegations or explanation whatsoever explaining how an injury to one market participant could constitute an antitrust injury. For this reason, Allibone's antitrust claims must fail.

Second, Allibone has not alleged any facts to support a finding that any conspiracy against him exists. Allibone concludes that the proceedings against him must be the result of a conspiracy or illegal agreement because he does not agree with the patient complaints. However, Allibone includes no further factual detail to suggest that an illegal agreement was made—let alone "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement."[11] Allibone's opposition brief adds nothing, and any antitrust conspiracy claim must fail.

Third, Allibone cannot state a monopolization or attempted monopolization claim. The Complaint does not contain any facts demonstrating anti-competitive

---

[10] *In re Pool Prods. Distrib. Mkt. Antitrust Litig.*, 940 F. Supp. 2d 367, 399 (E.D. La. 2013) (citing *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489 (1977)).
[11] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

conduct, specific intent to monopolize, or a dangerous probability of success, as explained in Defendants' Motion to Dismiss. Although Allibone contends in his opposition that TMB is attempting to eliminate complementary and alternative medicine, he offers no factual allegations to support this contention, and he does not explain how TMB's actions in this case would constitute a cognizable monopolization claim. Moreover, Allibone ignores the fact that TMB has adopted rules that specifically allow the practice of complementary and alternative medicine in Texas.[12] Allibone's monopolization claim is completely meritless.

For the foregoing reasons, Allibone has not alleged any facts that could support any antitrust claim, and such claims should be dismissed with prejudice.

### 2. Allibone's Bad Faith Prosecution Claims Are Unsupported by Factual Allegations, and Defendants Are Immune.

Well-settled law establishes that Eleventh Amendment immunity protects states from § 1983 claims.[13] As a result, states and state agencies do not qualify as "persons" subject to suit under § 1983.[14] Absolute immunity applies to quasi-judicial or quasi-prosecutorial functions, immunizing from suit the Board Members in their individual capacities.[15] Qualified immunity also protects the Board Members, and Allibone does not even attempt to rebut qualified immunity in his reply brief. These

---

[12] 22 TEX. ADMIN. CODE ch. 200.
[13] *Quern v. Jordan*, 440 U.S. 332, 341 (1979) (explaining that Section 1983 does not "override the traditional sovereign immunity of the States").
[14] *Cheramie v. Tucker*, 493 F.2d 586, 587 (5th Cir. 1974); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)); *see also Hafer v. Melo*, 502 U.S. 21, 26 (1991).
[15] *Di Ruzzo v. Tabaracci*, 480 F. App'x 796, 797 (5th Cir. 2012) (finding that TMB defendants' conduct associated with Informal Settlement Conference fell under absolute immunity as "quasi-judicial" and "quasi-prosecutorial").

three layers of immunity serve to bar Allibone's due process claims against all Defendants in their entirety.

Additionally, as discussed in Defendants' Motion to Dismiss, there is no freestanding cause of action for bad faith prosecution. Instead, Allibone's cause of action is a due process claim. Allibone cannot maintain a procedural due process claim because he is being afforded a full and complete opportunity to be heard, which is evidenced throughout the Complaint. Allibone has also failed to allege any other due process claim because the Complaint contains no facts demonstrating that TMB's investigation of bone fide complaints against him was anything other than completely proper—no matter how many times he baselessly repeats the phrase "bad faith." His repeated assertions that the patient complaints were fabricated and knowingly false is unsupported by any factual allegations other than Plaintiffs' own conclusions. The Court should dismiss with prejudice Allibone's due process/bad faith prosecution claim and allow the normal State disciplinary and adjudicative process to continue.[16]

### 3. Allibone's Dormant Commerce Clause Claim is Meritless.

Even if a violation of the dormant commerce clause is cognizable under § 1983, Allibone's complaint does not allege any "differential treatment of in-state and out-of-state economic interests that benefits the former and burdens the latter."[17] Allibone contends that the SOAH proceedings against him will limit his out-of-state patients' ability to obtain his services, but he ignores the fact that any in-state

---

[16] To the extent that Allibone claims Defendants are not entitled to immunity pursuant to any kind of bad faith exception, Allibone's assertions fail for the same reasons.

[17] *Granholm v. Heald*, 544 U.S. 460, 472 (2005) (quoting *Oregon Waste Sys., Inc. v. Dep't of Envt'l Quality*, 511 U.S. 93, 99 (1994)).

patients would be equally limited, and he fails to explain how this limitation constitutes a protectionist burden on out-of-state economic interests when only Allibone—a Texas physician—is being charged. Accordingly, this claim should also be dismissed with prejudice.

## Conclusion

TMB's investigation was not a wide-ranging conspiracy to eliminate an entire submarket of medical practitioners, but rather a legitimate and necessary investigation into serious patient complaints.[18] Allibone's opposition does not alter the conclusion that his Complaint is fatally flawed, and he cannot maintain his claims against these Defendants because they are immune. Accordingly, Defendants respectfully request that the Court dismiss the Complaint with prejudice.[19]

---

[18] See Exhibit A to Allibone's Brief in Opposition, at 4-13 [ECF No. 29-1].

[19] Defendants further respectfully submit that the Court is capable of ruling on Defendants' Motion to Dismiss without the necessity of a hearing or oral argument, and that such motion can be decided on the basis of the written submissions. However, should the Court find that oral argument would aid in its decision making, Defendants will fully participate and address any of the Court's questions or concerns.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

ANGELA V. COLMENERO
Chief, General Litigation Division

/s/ Christopher D. Hilton
CHRISTOPHER D. HILTON
Assistant Attorney General
Texas Bar No. 24087727
ADAM ARTHUR BIGGS
Assistant Attorney General
Texas Bar No. 24077727
SEAN FLAMMER
Assistant Attorney General
Texas Bar No. 24059754
General Litigation Division
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
T: (512) 475-4080
F: (512) 320-0667
christopher.hilton@oag.texas.gov

***ATTORNEYS FOR DEFENDANTS***

## **CERTIFICATE OF SERVICE**

I certify that a copy of the above *Defendants' Reply in Support of Their Motion to Dismiss* was served on the **25th day of September, 2017,** via electronic filing to the following counsel of record:

Jacques G. Simon, Esq.
100 Jericho Quadrangle, Suite #208
Jericho, NY 11753
email: jgs@jacquessimon.com

> */s/ Christopher D. Hilton*
> **Christopher D. Hilton**
> Assistant Attorney General