IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

GEORGE ALLIBONE M.D.,
Plaintiff,

-vs-

TEXAS MEDICAL BOARD, et al.,
Defendants.

CAUSE NO.:
A-17-CA-00064-SS

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendants' Motion to Dismiss [#22]; Plaintiff George Allibone (Dr. Allibone)'s Response [#29] in opposition; and Defendants' Reply [#32] thereto.[1] Having considered the documents, the case file as a whole, and the applicable law, the Court enters the following opinion and orders GRANTING the motion to dismiss and dismissing this action in its entirety.

### Background

Dr. Allibone is a physician licensed by the Texas Medical Board (TMB) to practice medicine in the state of Texas. Compl. [#1] at ¶ 55. The TMB initiated formal disciplinary proceedings against Dr. Allibone in response to complaints by former patients and a former employee. See id. at ¶¶ 1–10. Prior to the formal proceedings, these complaints against Dr. Allibone were reviewed by medicine expert reviewers and Informal Show Compliance (ISC) panels. Id.

Dr. Allibone filed this lawsuit against the TMB and its individual members (Board Members) alleging antitrust, constitutional, and dormant Commerce Clause violations. See id. at

---

[1] Also pending before the Court are Dr. Allibone's Motion for Preliminary Injunction [#7] and Dr. Allibone's Motion to File Sealed Documents [#9], which the Court hereby DISMISSES as moot in light of this opinion.

¶¶ 295–330. The complaint demands an injunction, declaratory judgment, and damages. *Id.* At the heart of Dr. Allibone's complaint, is Defendants' alleged conspiracy to benefit conventional allopathic physicians at the expense of Dr. Allibone and other physicians offering complementary and alternative medicine. *See id.* at ¶ 1–2.

Defendants have moved to dismiss Dr. Allibone's lawsuit for failure to state a claim and for a lack of subject matter jurisdiction. The motion is fully briefed and ripe for consideration.

## Analysis

### I. Legal Standard

#### A. Rule 12(b)(1)

A motion under Rule 12(b)(1) asks a court to dismiss a complaint for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks omitted). A jurisdictional attack under Rule 12(b)(1) should be considered before addressing other challenges to the claims on the merits. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

#### B. Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, the plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). In deciding a motion to dismiss, courts "must consider" the complaint, as well as other sources such as documents incorporated into the complaint by reference and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## II. Application

As indicated above, Dr. Allibone alleges Defendants are in violation of the Sherman Antitrust Act, his constitutional rights (via 42 U.S.C. § 1983), and the dormant Commerce Clause. The Court will address each claim in turn.

### A. The Sherman Antitrust Act

Defendants contend they are entitled to dismissal of Dr. Allibone's antitrust claims because of a combination of sovereign immunity under the Eleventh Amendment and *Parker*

immunity, also known as state action immunity. *See* Mot. Dismiss [#22] at 4–11 (citing *Parker v. Brown*, 317 U.S. 341 (1943)). Specifically, Defendants argue the state's sovereign immunity extends to the TMB as an "arm" of the state and the Board Members as state officers acting in their official capacities. *Id.* Defendants assert *Parker* immunity provides a separate basis for dismissing Dr. Allibone's antitrust claims. *Id.* Beyond immunity, Defendants challenge the viability of Dr. Allibone's antitrust claims. *See id.* at 11–14.

Dr. Allibone counters Eleventh Amendment immunity should not apply to the TMB or its Board Members. *See* Resp. [#29] at 18–24. The TMB, Dr. Allibone argues, exercises full autonomy from the state, such that the TMB is not a permanent arm of the state entitled to sovereign immunity. *Id.* at 20. Dr. Allibone also contends the *Ex Parte Young* rule limits Eleventh Amendment immunity for the Board Members with respect to his claims for injunctive relief. *See id.* at 22 (citing *Ex parte Young*, 209 U.S. 123 (1908)). According to Dr. Allibone, *Parker* immunity does not apply in this case because the TMB delegated its actions to the Board Members, who are non-sovereign, active market participants. *Id.* at 21–23.

The Court finds the TMB is entitled to sovereign immunity. Courts, including the Fifth Circuit, have determined the TMB is a state agency entitled to sovereign immunity under the Eleventh Amendment. *See Rivera v. Tex. State Bd. of Med. Exam'rs*, 431 F. App'x 356, 357 (5th Cir. 2011) (affirming dismissal of claims against the TMB based on sovereign immunity, stating "[t]he Board, however, is clearly a Texas state agency"); *Pena v. Tex. Med. Bd.*, 675 F. App'x 465, 466 (5th Cir. 2017), *reh'g denied* (Mar. 17, 2017) (affirming application of sovereign of immunity to the TMB and dismissing claims based on the same); *see also Zawislak v. Tex. Med. Bd.*, A-13-CA-0460-LY, 2013 WL 12136553, at *2 (W.D. Tex. Sept. 4, 2013) (finding the TMB was entitled to Eleventh Amendment sovereign immunity). The Court is convinced this

precedent provides sound footing for extending sovereign immunity to the TMB. The Eleventh Amendment therefore precludes the Court from considering Dr. Allibone's antitrust claims against the TMB for lack of subject-matter jurisdiction.

Sovereign immunity also extends to the individual Board Members. That is, "Eleventh Amendment immunity applies equally to state agencies and state officials when sued in their official capacities because official capacity suits are construed as suits against the state." *Gilbert v. Perry*, 302 F. App'x 320, 321 (5th Cir. 2008). In *Gilbert*, the Fifth Circuit affirmed the district court's dismissal of a lawsuit against the director of the TMB because of Eleventh Amendment immunity. *Id.* Subject to the exception below, the Court will do the same here and dismiss Dr. Allibone's antitrust claims against the Board Members to the extent these claims seek non-injunctive and non-declaratory relief.

However, the *Ex Parte Young* rule limits the Board Members' Eleventh Amendment immunity with respect to Dr. Allibone's claims for declaratory and injunctive relief. *See Ex parte Young*, 209 U.S. at 128. The *Ex Parte Young* rule is premised on the notion "acts by state officials which are contrary to federal law cannot have been authorized or be ratified by the state." *See Saltz v. Tenn. Dept. of Emp't Sec.*, 976 F.2d 966, 968 (5th Cir. 1992) (citing *Ex parte Young*, 209 U.S. at 128). This rule, however, only limits immunity for claims of "ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002). Because of the *Ex Parte Young* rule, the Board Members are not immune under the Eleventh Amendment from Dr. Allibone's claims for prospective declaratory and injunctive relief.

The Court nonetheless concludes any immunity gap from the *Ex Parte Young* rule is covered by *Parker* immunity. *Parker* immunity, sometimes referred to as state action immunity,

is an affirmative defense to anticompetitive behavior. *See Parker*, 317 U.S. 341. The defense originates from "statutory construction, legislative intent, and judicial deference to federalism." *Rodgers v. La. Bd. of Nursing*, 665 F. App'x 326, 329 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 2162, (2017). To qualify for *Parker* immunity, a party must show (1) the alleged anticompetitive conduct was taken pursuant to a clearly articulated and affirmatively expressed state policy to displace competition with state regulation; and, (2) the state actively supervises the implementation of its policy. *See Earles v. State Bd. of Certified Pub. Accountants of La.*, 139 F.3d 1033, 1041 (5th Cir. 1998) (citing *Cal. Retail Liquor Dealers Ass'n v. Midcal Aluminum, Inc.*, 445 U.S. 97, 105 (1980)). Unlike sovereign immunity, *Parker* immunity applies to a plaintiff's request for prospective relief. *See Parker*, 317 U.S. at 344.

The Board Members have met both requirements for *Parker* immunity. First, their actions in investigating and pursuing complaints against Dr. Allibone are within clearly articulated and affirmatively expressed state policy. *See, e.g.,* TEX. OCC. CODE § 153.012 (Board Duties Regarding Complaints); *Id.* at § 154.051–58. (Complaint Procedures); 22 TEX. ADMIN. CODE § 161.2 (describing the TMB's purposes and functions, including "discipline of physicians and other allied health care providers as mandated by law"). These statutes grant Defendants broad power to regulate medical professionals, and therefore satisfy the "clear articulation" requirement for *Parker* immunity. *See Earles*, 139 F.3d at 1044 (5th Cir. 1998); *see also FTC v. Phoebe Putney Health Sys.*, 568 U.S. 216 (2013) (finding the clear articulation requirement satisfied where the displacement of competition is "the inherent, logical, or ordinary result of the exercise of authority delegated by the state legislature"). Second, the State retains active supervision of the TMB's disciplinary actions at issue in this case. For example, TMB's disciplinary proceedings are conducted before an independent Administrative Law Judge, subject

6

to judicial review, and must comply with requirements prescribed by the Texas Legislature. *See* TEX. OCC. CODE ANN. §§ 164.001–061. These protections ensure the TMB and Board Members' conduct "promotes state policy, rather than merely the party's individual interests." *See N.C. State Bd. of Dental Exam'rs v. F.T.C.*, 135 S. Ct. 1101, 1116 (2015) (quoting *Patrick v. Burget*, 486 U.S. 94 (1988)). For these reasons, the TMB and its Board Members are entitled to *Parker* immunity.

In sum, the Court concludes all defendants—the TMB and the Board Members—are entitled to immunity under the Eleventh Amendment and *Parker* immunity as explained above. Because these immunities have not been waived, Dr. Allibone's antitrust claims cannot proceed here. As such, the Court declines to consider the merits of the antitrust claims in this case.

## B. The § 1983 Bad Faith Prosecution

Defendants contend they are immune from Dr. Allibone's § 1983 bad faith prosecution claim under the Eleventh Amendment as well as the doctrines of absolute and qualified immunity. *See* Mot. Dismiss [#22] at 14–15. Additionally, Defendants assert Dr. Allibone has failed to plead a viable due process claim to support his § 1983 claim. *See id.* at 18–19. In response, Dr. Allibone suggests immunity does not apply in this case because he has requested injunctive relief, and argues his claim is both factually and legally supported. Resp. [#29] at 10–18.

As in the section above, the Court finds all Defendants are entitled to immunity under the Eleventh Amendment. This immunity extends to claims under § 1983. *See Briggs v. Miss.*, 331 F.3d 499, 503 (5th Cir.2003) ("section 1983 does not override the Eleventh Amendment") (internal quotations and citations omitted). The Board Members are also entitled to absolute and qualified immunity because they are acting in their "quasi-judicial" or "quasi-prosecutorial"

7

capacities. *See Di Ruzzo v. Tabaracci*, 480 F. App'x 796, 797 (5th Cir. 2012) (affirming dismissal of § 1983 claims against members of the TMB based on absolute and qualified immunity because the members' quasi-prosecutorial and quasi-judicial functions); *see also Rivera v. Kalafut*, 456 F. App'x 325, 328 (5th Cir. 2011) (affirming dismissal of constitutional claims against members of the TMB based on qualified immunity).

Eleventh Amendment immunity, however, does not extend to the Board Members for prospective declaratory and injunctive relief. *See Verizon Md. Inc.*, 535 U.S. at 645. The same limitation applies to absolute and qualified immunities. *See Johnson v. Epps*, 479 F. App'x 583, 591 (5th Cir. 2012). Thus, while immunity precludes the Court from considering Dr. Allibone's § 1983 bad faith prosecution claims against Defendants because a lack of subject-matter jurisdiction, such immunity does not extend to Dr. Allibone's request for injunctive relief against the Board Members.

Still, dismissal of Dr. Allibone's § 1983 bad faith prosecution claim is appropriate in this case for failure to state a claim. There is no freestanding constitutional right to be free from malicious prosecution. *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003). Thus, a plaintiff must identify the constitutional violation underlying a § 1983 bad faith prosecution claim. *Id.*

Dr. Allibone's bad faith prosecution claim is based exclusively on an alleged violation of his Fourteenth Amendment right to due process. *See* Compl. [#1] at ¶¶ 17, 267–280; *see also* Resp. [#29] at 13 ("Plaintiff has a constitutionally protected due process right"). To prevail on a procedural due process claim, Dr. Allibone must show he was deprived of liberty or property interest without adequate notice or meaningful opportunity to be heard. *See Mathews v. Eldridge*, 424 U.S. 319, 332–35 (1976).

8

Dr. Allibone has failed to plausibly plead a procedural due process violation. To the contrary, the facts in this case illustrate Dr. Allibone has been and continues to be afforded his due process rights to challenge the disciplinary proceedings against him. For instance, Dr. Allibone's complaint references three Informal Show Compliance panels in which complaints against him were considered by expert reviewers. *See* Compl. [#1] at ¶¶ 6–9. Indeed, Dr. Allibone acknowledges and describes the formal disciplinary process and opportunities licensees have to respond to allegations of wrongdoing. *See id.* at ¶¶ 92–99. The alleged ongoing bad faith prosecution Dr. Allibone seeks to enjoin concerns a formal disciplinary proceedings filed by Defendants in the State Office of Administrative Hearings (SOAH). *See* Resp. [#29-1] Ex. A (TMB Compl.). Texas law requires disciplinary proceedings against Dr. Allibone comply with his due process rights, including notice and an opportunity to be heard before the independent SOAH Administrative Law Judge makes a determination. *See* TEX. OCC. CODE ANN. §§ 164.001–061. Further, Dr. Allibone may appeal any adverse SOAH ruling to the Travis County district court. *Id.* at § 164.009. Based on the foregoing, the Court finds no factual support for a due process violation in this case, and therefore the § 1983 bad faith prosecution claim based on the same must fail.

Dismissal Dr. Allibone's § 1983 bad faith prosecution claim is appropriate because Defendants are entitled to immunity and the claims have not be plausibly pleaded.

## C. Dormant Commerce Clause

Defendants also challenge the viability of Dr. Allibone's dormant Commerce Clause cause of action. Specifically, Defendants argue a dormant Commerce Clause challenge is not available under § 1983, and even if it was, such a claim is wholly inapplicable to the facts in this

9

case. Mot. Dismiss [#22] at 19–20. Dr. Allibone responds his dormant Commerce Clause is appropriate and supported by the pleadings.

To begin, the Court agrees with Dr. Allibone that a dormant Commerce Clause claim may be brought under § 1983. *See Teladoc, Inc.*, 2015 WL 8773509, at *10 (citing *Granholm v. Heald*, 544 U.S. 460, 472 (2005) in confirming the right to bring a dormant Commerce Clause claim under § 1983). The Court will now consider whether this claim should survive Defendants' motion to dismiss under Rule 12(b)(6).

The dormant Commerce Clause prohibits economic protectionism—that is, regulatory measures designed to benefit in-state economic interests by burdening out-of-state competitors. *Nat'l Solid Waste Mgmt. Ass'n v. Pine Belt Reg'l Solid Waste Mgmt. Auth.*, 389 F.3d 491, 497 (5th Cir. 2004) (internal quotations and citations omitted). A dormant Commerce Clause claim may be brought against a state action that (1) facially discriminates against out-of-state economic interests, or (2) regulates evenhandedly, but imposes an indirect burden on interstate commerce. *Id.* The first category of action is *per se* invalid, but the second category at issue here requires a showing that the "burden imposed on such commerce is clearly excessive in relation to the putative local benefits." *See Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142 (1970).

Dismissal of Dr. Allibone's dormant Commerce Clause claim is warranted. Dr. Allibone's claim is premised on Defendants' actions causing an alleged burden to interstate commerce. *See* Compl. at ¶ 319 (alleging defendants' actions "impose an unreasonable restriction and burden on commerce and they restrict the choice of medical services available to out of state patients who seek Plaintiff's services" in violation of "US Constitution Art. I Sec. 8 Cl. 3"). Dr. Allibone's vague, unsupported assertions of "restriction and burden on commerce" from Defendants' disciplinary proceedings against him fall short of the facially plausible

10

pleading standard. *See Iqbal*, 556 U.S. at 678. More specifically, Dr. Allibone has failed to allege facts to approach the "clearly excessive" burden threshold set forth in *Pike*. Thus, dismissal of Dr. Allibone's dormant Commerce Clause claim is appropriate. *See Rosenblatt v. City of Santa Monica*, 216CV04481ODWAGR, 2017 WL 1205997, at *4 (C.D. Cal. Mar. 30, 2017), *appeal docketed*, No. 17-55879 (9th Cir. Jun. 22, 2017) (dismissing dormant Commerce Clause claim based on vague allegations of economic disruption in light of the "clearly excessive" standard of *Pike*).

## Conclusion

In sum, all claims in this case are dismissed for based on a lack of subject matter jurisdiction or failure to state a claim.

Accordingly,

IT IS ORDERED that Defendants' Motion to Dismiss [#22] is GRANTED;

IT IS ORDERED that all other pending motions are DISMISSED as moot; and

IT IS FINALLY ORDERED that all claims brought by Plaintiff in the above-styled and numbered cause are DISMISSED WITHOUT PREJUDICE.

SIGNED this the 20th day of October 2017.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE